BRUNOT, J.
 

 Plaintiff’s suit is for the purchase price of 775 six-inch by six-inch line pipe recess couplings, together with freight charges and demurrage; the three items totaling $4,166.79. Defendant reconvened in the suit, and from a judgment rejecting the demands of both litigants the plaintiff appealed. Defendant merely asks that the judgment be affirmed.
 

 On December 11, 1919, the plaintiff and defendant entered into the following agreement:
 

 “This agreement made this 11th day of December, 1919, between the Steel City Products Company of Pittsburgh, to .be hereinafter known as the party of the first part, and the S. Bender Iron & Supply Company, of Shreveport, La., to be known hereinafter as the party of the second part.
 

 “The party of the first part agrees to sell and deliver to the party of the second part approximately 50,000 feet of merchant pipe of standard weight, at a price of one and 10/100' dollars ($1.10) per foot, f. o. b. cars Norfolk, Ya.
 

 “The party of the first part agrees to furnish 5,000 couplings as follows:
 

 “One car of 2,000 6-inch line pipe recess couplings to be shipped from Philadelphia, at a price of $4.75 each. To be shipped January 8, 1920, or sooner, This car to be completed with 1,000 drill pipe couplings for 6-inch pipe, price $4.95 each, f. o. b. Philadelphia.
 

 “One thousand 6-inch by 7%-inch drill pipe couplings, to be shipped February 3, 1920,. price $5.94 each, f. o. b. Philadelphia. All couxffings to be shipped sooner if possible and every effort made to expedite. If wanted some of the above can be shipped via express at option of Mr. Bender.
 

 “As a matter of good faith Mr. Bender will' post with the Commonwealth Trust Company, the sum of $5,000.00 to make this binding, this, sum to apply on the last shipment. All shipments are to be made sight draft bill of lading attached, and as this is a cash deal will be, lifted immediately and
 
 not
 
 delayed for arrival of material.”
 

 The’ quantity and sizes of the pipe and couplings called for in the contract were shipped to defendant, and all of the shipments were received and paid for except the 775 six-inch by six-inch line pipe recess couplings which are involved in this suit.
 

 The defense is that the plaintiff breached the original contract by failing to ship the couplings within the time fixed therein, and that the' couplings shipped by plaintiff were defective and unfit for the purpose for which they were intended.
 

 Plaintiff has not filed a brief in the case and has made no effort to follow up the appeal.
 

 ' We have read the record and find that it contains several telegrams, 9 letters, and 78 pages of oral testimony. The learned judge of the lower court heard the witnesses and saw the couplings which were offered in evidence, and he reached the conclusion that, upon the contested issues of the case, the preponderance of the evidence sustained the defense urged. Our reading of the pleadings, offerings, and oral testimony has led us to the same conclusion. It is our opinion that defendant’s cancellation of the original contract on April 29, 1920, put ail end to that agreement, and that the subsequent telegrams and letters in the record created a new and independent agreement which did not require defendant to pay cash for the shipment of the couplings involved in this suit upon receipt of the invoice and bill of lading.
 

 Defendant had been warned by plaintiff that a certain Philadelphia concern was manufacturing defective couplings, and plaintiff cautioned defendant not to accept a shipment 'from that concern. When defendant received the invoice of the shipment of couplings, it was discovered that the shipment was made by a Philadelphia manufacturer, and defendant declined to honor the draft attached to the bill of lading until the couplings were examined. When examined, defendant contends that they were defective and useless for the purpose intended until reworked and re-threaded, a costly operation, which necessitated the shipment of the couplings to some factory equipped to perform the work. The preponderance of the evidence clearly sustains this contention. It is true that plaintiff offered on the trial one or two of the couplings which worked satisfactorily, but the evidence is that these couplings had been recently re-threaded, 'in like manner and about to the same extent, the evidence seems to preponderate in favor of the defendant upon all of the contested issues.
 

 The judgment appealed from is correct, and it is affirmed, at appellant’s cost.